■ New Focus Sportswear, Inc., Respondent, v P. J. Fabrico, Inc., et al., Respondents, and Honeywell, Inc., Appellant.—Order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on November 22, 1989, denying Honeywell's motion for summary judgment, is unanimously reversed, on the law, and the motion is granted dismissing the complaint as to Honeywell, with costs. The clerk is directed to enter judgment in favor of Honeywell, Inc., severing and dismissing the complaint as to it, with costs.

On March 3, 1980, Honeywell contracted with Cromwell to install and monitor a sprinkler alarm system which was to notify the fire department of the alarm signal. A fire in the building damaged the goods which New Focus Sportswear had left for fabrication by the tenant Fabrico in the building managed by Cromwell.

The contract contains an exculpatory clause specifically providing that Honeywell was not undertaking to act as an insurer, assumed no liability for losses, and that Cromwell was to get insurance to cover liability for any losses which might occur out of the performance of the agreement. Liability that escaped the exculpatory clause was further limited to the annual service charge and there was an indemnification clause by which Cromwell indemnified Honeywell for any liability claims arising from the contract.

The recent decision of the Court of Appeals in *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.* (76 NY2d 220) is indistinguishable from this case. The Court of Appeals observed

*(supra,* at 226) that the courts have a responsibility to fix the "orbit of duty" based on public policy to limit the legal consequences of wrongs to a controllable degree and that might exclude recovery by some who might have recovered if traditional tort principles were applied. *Eaves Brooks,* in describing an orbit of duty of a sprinkler alarm company to exclude a tenant not in privity with the sprinkler alarm company, applies with even more force to exclude a customer of the tenant.

In the absence of any showing that New Focus was aware of Honeywell's contractual relationship with Cromwell to monitor a sprinkler alarm system, and that New Focus relied to its detriment on the contractual relationship, there is no basis for the IAS court's conclusion that there was an unresolved issue of fact as to whether Honeywell owed to New Focus a duty that was breached. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.